THE STATE V. JOEL THORNTON.

1—In this case the court considers the several provisions of the Code of Crim-
   inal Procedure respecting the right of the State to appeal, and arrives at
   the conclusion that the State cannot appeal from a judgment of the Dis-
   trict Court sustaining exceptions to an indictment for a felony, on the
   ground of insufficiency.
2—The right of the State to appeal is restricted, it seems, to cases of misde-
   meanors and to criminal actions, *quasi* civil, wherein there has been a
   final judgment.
3—An order of the court sustaining exceptions to an indictment, but making
   no further disposition of the case, is an interlocutory, not a final judgment.

APPEAL from Houston. Tried below before the Hon.
Samuel L. Earle.

The indictment charged the appellee with having, by vio-
lence to one Ben Bates, and by putting him in fear of bodily
injury, taken from his person "one horse of the value of forty
dollars, the property of said Bates." The defendant excepted
to this description of the horse as too vague and indefinite.

The court below sustained the exception, but entered no further judgment. The State appealed.

*W. H. Andrews*, acting Attorney General, for the State.

*L. W. Cooper*, for the appellee.

LINDSAY, J.—In this case it does not appear, in the transcript of the record, that there was any *final* judgment of the District Court, from which an appeal could be taken.

In sustaining exceptions to an indictment in cases of felony, there ought to be a judgment of the court at the time, either discharging the accused, when no offense is actually charged, or committing to jail, if an offense was charged, but defectively. If the exception be sustained upon the ground that no offense is charged in the indictment, in that event, the *final* judgment should be a discharge of the defendant. This is the mode of procedure clearly indicated by Articles 2974 and 2976 of the Code, Paschal's Digest, p. 379. So far as the record shows, the judgment of the court was upon the insufficiency of the indictment simply, and the only order made was the exceptions to the indictment sustained, which is a mere *interlocutory* order. If the exceptions were sustained, because no offense was charged, the judgment ought to have pronounced the discharge of the accused, and the *final* judgment have been so entered. But if the exceptions were sustained to the *form* of the indictment, the judgment ought to be only *interlocutory*. In some such cases, the indictment is amendable, which done, the cause may proceed: and in others, where an offense is charged, but not in conformity with the requirements of the Code, and exceptions are sustained, the judgment is still only interlocutory; and upon this interlocutory judgment the defendant is recommitted to custody by order of the court, as prescribed in Art. 2974, Paschal's Digest.

The question how this *interlocutory* is to be converted into a *final* judgment to authorize an appeal, is difficult of solution by any positive provisions of the Code, upon the hypothesis

that the State may appeal in felony cases. The legal effect of such interlocutory judgment is neither to discharge the accused nor even to dismiss the prosecution. And, yet, it has been repeatedly adjudged by this court, as well as by other courts of the American States of like jurisdictions, that to authorize an appeal to its arbitrament, the judgment of the inferior tribunal must be *final*. In the case of The State v. Paschal, 22 Tex. R., 584, this court held that the entry of an order sustaining a motion to quash an indictment, did not dispose of the case, and was, therefore, no *final* judgment. It is intimated, in that case, that it is necessary that the cause be, in some way, disposed of by the inferior court before an appeal can be taken to this court. This certainly is a correct exposition of the rule, where criminal justice is administered in legal forums with appellate jurisdictions, according to the principles of the common law. But the peculiarity of the Criminal Code of Texas is, that it undertakes to ordain a complete system of penal laws within the State to supersede and exclude all other systems, and to adopt its own rules of procedure for the prevention and punishment of offenses. It, however, provides (Art. 2493, Paschal's Digest,) if the Code fails to prescribe " a rule of procedure in any particular state of case, the rules of the common law shall govern." But here, again, the court is met by the common law with the rule that courts of appeal, upon writs of error, only consider the errors of law committed by inferior tribunals, *after final judgment*. This being the common law rule, and the general rule, as recognized by the constitution of the State, and by the decisions of this court, and the statutes, both civil and criminal, being silent as to appeals from *interlocutory* judgments, the difficulties and embarrassments of the question are not removed by this reference to the common law. The common law is adopted by the Code as the *rule of construction* of the penal statutes. But, unfortunately, the statutes furnish no directory provision upon the subject for construction. In the case of The State v. Paschal, above referred to, the appeal was by the State against the ruling of the District Judge sus-

taining exceptions to an indictment for a *misdemeanor*. In this case the appeal is sought upon a like ruling against an indictment for a *felony*. There certainly is a seeming conflict and obvious confusion in the provisions of the Code regulating appeals in criminal cases. In cases of misdemeanor, the different provisions are reconcilable. But when they come to be applied to cases of felony, the task is perplexing and impracticable. In the case of The State v. Paschal, the court says there must be a *final* judgment of discharge to warrant an appeal in cases of misdemeanor. In the case of The State v. Fatheree, 23 Tex. R., 203, the court says, alluding to the article requiring a recognizance in all cases where the State appeals, " this provision does not apply to cases of *misdemeanors only*," etc., " but must be held to apply to all cases of appeal by the State, without reference to the *nature* of the accusation." Most obviously the execution of the recognizance for appeal can not be a *final* judgment, or final disposition of the cause.

There is certainly great complication in the provisions of the Code in regard to appeals by the State, if authorized to be taken in cases of felony. The generality of the language in Art. 3182 seems to imply the right, when exceptions to the indictment are sustained. Art. 2973 expressly enjoins the discharge of the accused when exceptions are sustained in cases of misdemeanor; such order of discharge is final, from which an appeal lies; but the court is authorized to exact a recognizance from the defendant upon the appeal of the State. By Art. 2974 there can be no judgment of discharge where exceptions are sustained in cases of felony; but the accused must be recommitted, without bail or mainprize, to enable the District Court to initiate a new prosecution in that *forum*, unless the exception is sustained, because no offense is charged in the indictment, as provided in Art. 2976; when the defendant would be discharged and allowed to go hence without day.

It is the opinion of the court, therefore, that the only possible solution of the difficulty, and the only method of reconciling and harmonizing these seemingly conflicting provisions

is, that in the humanity of the framers of the Code and of the Legislature which adopted it, it was not intended that the State should have the right of appeal upon questions of law settled in favor of parties accused of offenses amounting to felony; but that the right of the State to appeal is restricted to cases of misdemeanor and criminal actions, *quasi* civil. The defendant is allowed to appeal in every case of conviction, and most of the articles upon appeal in the Code, in their provisions, are mainly referable to such appeals, yet in their general language embrace cases of State appeals whenever such appeals are allowable. Hence, Art. 3187, Paschal's Digest, requires the defendant, when the State appeals, to enter into a recognizance to appear before the District Court to answer the charge against him, if the judgment should be reversed.

The court, therefore, is brought to the conclusion that the judgment of the court upon the insufficiency of this indictment for robbery, as well as all similar judgments upon indictments for felony, cannot be brought *by the State* to this court for revision. In this conclusion the court is fortified by § 3, Art. IV of the constitution, which declares that "the Supreme Court shall have appellate jurisdiction only," etc.; "but in criminal cases, and in appeals from interlocutory judgments, with such exceptions and under such regulations as the Legislature shall make." Wherefore, the appeal is dismissed.

Dismissed.