## THE STATE v. DANIEL WALL.

1. Under the Constitution of 1869, now in force, the State has the right of appeal in felony cases. The ruling to the contrary in the case of The State v. Thornton, 32 Texas, 104, is abrogated.

2. Less particularity is requisite in an indictment for an assault with intent to commit an offense than is necessary in one for the actual commission of the offense. (State v. Croft, 15 Texas, 576, to the same effect, cited with approval.)

APPEAL from Fannin.

The opinion of the court is the only paper of this cause which has reached the Reporter. It is obvious, however, that this is an appeal by the State from a judgment of the district court quashing an indictment for an assault with intent to commit rape, robbery, burglary, or murder. The precise objection on which the indictment was quashed is not disclosed.

No briefs have reached the hands of the Reporter.

WALKER, J.—The motion to dismiss the appeal in this case must be overruled. Under the Constitution

of 1845, the Legislature had the power to limit the right of appeal on the part of the State, in criminal cases, to those less than felony.

The case of The State v. Thornton, 32 Texas, 104, does not apply as authority against appeals taken under the present Constitution. The State now has the same right to appeal in felony cases that is afforded to the defendant. As to the sufficiency of the indictment in this case, the question is settled in The State v. Croft, 15 Texas, 576, and The State v. Killough, 32 Texas, 77, *et seq*. The felonious intent is distinctly averred in this indictment. In The State v. Croft, opinion by Mr. Justice Wheeler, the court say, "In an indictment for assault with intent to commit an offense, the same particularity is not required as in an indictment for the commission of the offense."

If the rule was otherwise, this indictment is not subject to the objection urged, and it was error in the district court to quash it.

The judgment is therefore reversed and the cause is remanded.

The same question arises in No. 584, The State of Texas v. Cornelius Brice, and in that case the judgment is also reversed and the cause remanded.

REVERSED AND REMANDED.